[No. 44168. En Banc. January 6, 1977.]

THE STATE OF WASHINGTON, *Petitioner,* v. JAMES
ERNEST THOMPSON, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney,* and *Michael P. Ruark, Senior Deputy,* for petitioner.

*James R. Short,* for respondent.

HUNTER, J.—The defendant (respondent) in this case, James Ernest Thompson, was charged by King County information with assault with a deadly weapon (RCW 9.95-.040) and a firearm (RCW 9.41.025). RCW 9.95.015 requires that a special finding be entered whether an accused was armed with a deadly weapon as defined by RCW 9.95.040. Both parties waived a jury trial. The court found the defendant guilty of second–degree assault and entered a special finding that defendant was not armed with a deadly weapon and a firearm. The State (petitioner) contends that this finding was contrary to other findings of fact entered by the trial court, and contrary to the undisputed evidence in the case. This court granted certiorari to review the determination.

The undisputed evidence presented by both sides at trial was that James Thompson had taken his shotgun to a restaurant where his wife worked and shot at the building. He was upset by marital discord, and believed the cause was due to his wife's work as a cocktail waitress, her late night hours, drinking, and bad companions. The defendant was a reformed alcoholic who began drinking for the first time in 3 years on the night of the shooting, August 9, 1975.

Police were called to the restaurant to investigate and found the defendant driving slowly through a nearby trailer park. They set up a block in front of him, and an officer drove up behind him. Defendant stopped his car, got out with his shotgun held at his hip, and without putting it to his shoulder to aim, he shot and hit the police car. The officer testified he felt the gun was aimed at him, so he returned fire twice, missing both times. The shot of defendant hit the center of the grill of the police car.

There was evidence presented at trial that defendant was an expert marksman. He testified that he felt, at the time he shot at the police car, that "I just wanted to get it over. My head was like bombs going off inside. I just wanted to get the thing over with, just everything." The defendant and others testified to defendant's difficult childhood, how it related to suicidal impulses, and the great effort he had made in the past few years to straighten himself out emotionally. They also testified that this was his first offense.

Following trial, the court entered its findings. There was a specific finding that the assault was committed by a firearm and deadly weapon:

Finding of Fact No. 4

Defendant got out of his car with his shotgun in his hand and pointed it at the police car behind him.

Then the court entered the finding of fact upon which we granted review:

Finding of Fact No. 10

For the foregoing reasons the court does not believe that in the interest of justice it should now make a determination that defendant was in possession of a deadly weapon and a firearm at the time of the commission of this offense. The court has the same powers as a jury in making factual decisions in this case and *hereby makes the factual determination that the defendant was not armed with a deadly weapon and a firearm within the meaning of the statutes.*

(Italics ours.) Judgment of guilty of second–degree assault was then entered against the defendant, with sentence following.

 We find the court's entry as to the deadly weapons charge to be contrary to *all* the evidence in the case, and in conflict with other findings essential to the decision of guilty of second–degree assault. Therefore we hold the action of the trial court to constitute a manifest abuse of discretion.

We recognize the action of the trial court was what it considered to be "in the interest of justice." The court believed the mandatory 5–year minimum prison sentence to

be too severe considering the circumstances of the crime and the character of the defendant. Nevertheless, the statutory scheme providing for enhancement of punishment for felonies where a deadly weapon has been used is well established in this state. *See State v. Frazier,* 81 Wn.2d 628, 503 P.2d 1073 (1972); *State v. Pringle,* 83 Wn.2d 188, 517 P.2d 192 (1973); *State v. Thornton,* 9 Wn. App. 699, 514 P.2d 179 (1973); *State v. Butterfield,* 12 Wn. App. 745, 529 P.2d 901 (1974).

The special finding of the trial court in this case must therefore be reversed and remanded for the entry of a finding in accordance with the evidence in the case.

 Defendant argues, however, that such a direction would create a double jeopardy situation. We do not agree. The defendant was convicted of second–degree assault. The special finding as to the existence of the firearm goes to the penalty to be imposed and is not a retrial. *State v. Pringle, supra.*

 Defendant further contends that the statutory classification scheme violates equal protection as guaranteed by article 1, section 12, of our state constitution, and the fourteenth amendment to the United States Constitution, since there is no reasonable basis for distinguishing between "firearms" (RCW 9.41.025) and "deadly weapons" (RCW 9.95.040). Defendant asserts that under the firearms statute, the trial court is specifically prohibited from suspending or deferring sentence, whereas under the deadly weapons statute the trial court may choose *not* to sentence defendant to the Department of Institutions. Hence, the enhanced penalty under the deadly weapons statute would not become effective.

We believe that the classification is reasonable, since the use of a weapon limited to a firearm is more dangerous than the use of a deadly weapon in the broader sense. The deadly weapon statute has a broader definition, in that in addition to pistols and guns, it includes knives, razors, blackjacks, explosives, and others. Whatever difference in

treatment exists under the statutes, we believe the distinction between the two general types of weaponry is reasonable and not violative of equal protection.

The trial court's decision is reversed as related to the special finding that the defendant was not armed with a deadly weapon or firearm, and remanded for proper entry of a finding consistent with the evidence in the case.

STAFFORD, C.J., and ROSELLINI, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.