[No. 5470–1. Division One. May 30, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. ARTHUR G. PIERRE, *Appellant.*

*John G. Ziegler,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Michael T. DiJulio, Deputy,* for respondent.

RINGOLD, J.—On April 24, 1974, Arthur G. Pierre was sentenced to prison following pleas of guilty to two counts of robbery. He also admitted being armed with a firearm at the time of each offense. RCW 9.41.025(2).[1] The pleas were entered pursuant to a plea bargain in which the State agreed to dismiss allegations that at the time of the robberies, Pierre was armed with a deadly weapon. RCW 9.95.015.[2] Pierre was advised that his plea would take away the court's power to suspend or defer his sentence, but he was also advised that the dismissal of the "deadly weapon" allegation left the parole board free to exercise its discretion when setting his minimum term of confinement. The parole board, however, felt that RCW 9.41.025(2) mandated it to set at least 7 1/2 years of confinement. The actual order of the parole board was a 9-year minimum with 7 1/2 years being mandatory.

On June 7, 1976, Pierre filed a petition for post-conviction relief in this court, and we remanded his petition to the Superior Court for a hearing on the merits. Former CrR 7.7. In the trial court, Pierre requested an order allowing

---

[1] "Any person who shall commit or attempt to commit any felony . . . while armed with, or in the possession of any firearm, shall upon conviction, in addition to the penalty provided by statute for the crime committed without use or possession of a firearm, be imprisoned as herein provided:

". . .

"(2) For a second offense, . . . the offender shall be guilty of a felony and shall be imprisoned for not less than seven and one-half years, which sentence shall not be suspended or deferred;"

[2] "In every criminal case wherein conviction would require the board of prison terms and paroles to determine the duration of confinement and wherein there has been an allegation and evidence establishing that the accused was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused was armed with a deadly weapon, as defined by RCW 9.95.040, at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find the defendant guilty, also find a special verdict as to whether or not the defendant was armed with a deadly weapon, as defined in RCW 9.95.040, at the time of the commission of the crime."

him to withdraw his guilty plea. The court found there had been no "special finding" pursuant to RCW 9.41.025 in the original proceeding, and the parole board had, therefore, improperly set a mandatory minimum term. Rather than allowing Pierre to withdraw his plea, the court ordered the parole board to reset the term of confinement without consideration of any "special finding" and with no mandatory minimum.

Pierre challenges the propriety of the decision that no "special finding" was ever entered, and he also contends that RCW 9.41.025 places a mandatory duty on the parole board to set certain minimum terms of confinement. The State disputes both of Pierre's assertions but concedes he must be allowed to withdraw his plea if both are correct.

■■ Pierre correctly argues that there is no evidence contradicting the conclusion that a "special finding" was entered in the original proceeding. The finding was recited in the judgment and sentence but not in any other document. This procedure is not recommended but is sufficient to be a "special finding" that Pierre was armed with a firearm at the time of each offense. *State v. Cosner,* 85 Wn.2d 45, 52, 530 P.2d 317 (1975). The original sentencing court had no power to refuse, even if in the interest of justice, to make the finding. *State v. Thompson,* 88 Wn.2d 60, 62–63, 558 P.2d 245 (1977), *State v. Pringle,* 83 Wn.2d 188, 190–91, 517 P.2d 192 (1973).

In a petition for post–conviction relief under former CrR 7.7(g),[3] however, the trial court had power to give consideration to "the interest of justice":

> If at the hearing on the petition the court finds . . .
> (3) that material facts exist not theretofore presented and heard, which require vacation of the conviction, sentence or other order *in the interest of justice* . . .
> . . . it shall order the appropriate relief.

(Italics ours.) The trial court's order was made in the interest of justice. It is supported by the material fact that all

---

[3]The substance of former CrR 7.7(g) is currently embodied in the similar language of RAP 16.4(c)(3).

parties at the time of sentencing assumed Pierre would receive no mandatory minimum sentence. By striking the RCW 9.41.025 finding, the court acted in the interest of justice and thereby gave Pierre that which he had expected at the time of his plea. The parole board must rescind its mandatory minimum sentence and reset the minimum term of confinement without any consideration of an RCW 9.41-.025 finding.

Pierre argues, however, that this relief is not appropriate because he has now served nearly 4 years under the mandatory minimum sentence, and the withdrawal of his plea is necessary to correct this manifest injustice. CrR 4.2(f), *Lutton v. Smith*, 8 Wn. App. 822, 824, 509 P.2d 58 (1973) (plea withdrawn when it was based upon inaccurate advice concerning mandatory minimum sentence). Our inquiry, therefore, is whether the trial court's order corrected the allegedly manifest injustice suffered by Pierre. As stated in *State v. Pope*, 17 Wn. App. 609, 614–15, 564 P.2d 1179 (1977),

> We suggest that the ultimate choice of remedies should be based upon a consideration of all the circumstances surrounding the plea agreement and the sentencing, as well as what has occurred in the interim between the original sentencing and the time the discretion is exercised. Among other relevant things the court should consider:
>
> (1) whether the error was inadvertent or the product of bad faith on the part of the State; where bad faith is found to exist, the court should give considerable weight to the choice of remedy sought by defendant;
>
> (2) whether retrial of petitioner on the original charges would be frustrated by absence of witnesses of either the State or the defendant;
>
> (3) whether the discrepancy between the sentence imposed and the one anticipated by the plea agreement is great or small;
>
> (4) the seriousness of the offenses to which pleas were entered;
>
> (5) whether the particular remedy selected will, in a fair way, restore defendant to the position he would have been in had the violation of CrR 4.2(d) not occurred.

■ Pierre does not assert facts tending to show a defense to the underlying charges of robbery nor to the firearm allegations. Pierre only alleges facts which arguably come within the fifth of the factors suggested by *Pope*. The relief granted by the trial court, however, makes him potentially eligible for parole, and he alleges no fact to support a reason to believe he would have been paroled on two counts of robbery prior to this date had there been no mandatory minimum sentence. He has been precluded from participation in furlough and work release programs, *Baker v. Morris*, 84 Wn.2d 804, 806, 529 P.2d 1091 (1974), WAC §§ 275-92-025, 275-93-040, but he has not shown that participation in those programs would have earned his release by this date. To the extent he has lost the opportunity to appear before the parole board and to earn release credits, the trial court's order should be modified to direct the parole board to take these lost opportunities into consideration when resetting the minimum term of confinement.

We conclude the trial court's order, as modified, restores Pierre to the position he would have been in had the board never imposed a mandatory minimum.

The trial court's order to the Board of Prison Terms and Paroles required it to

[R]eset the defendant's minimum term of confinement without reference to RCW 9.41.025 or RCW 9.95.040, such that the defendant is not subject to any mandatory minimum term of confinement.

We add to this order the requirement that the parole board consider Pierre's lost opportunity to earn release credits when it resets the minimum term.

Affirmed as modified.

FARRIS, C.J., and JAMES, J., concur.

Reconsideration denied December 20, 1978.

Review denied by Supreme Court April 20, 1979.