[No. 7242–1–I. Division One. June 9, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT STEWART TUTTLE, *Appellant.*

*Lewis Nomura* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Phillip Killien, Deputy,* for respondent.

JAMES, A.C.J.—Defendant Robert Stewart Tuttle appeals his conviction at bench trial of second–degree murder.

Tuttle was charged by amended information with the crime of murder in the second degree while armed with a deadly weapon and a firearm. The State's evidence established that Tuttle shot and killed his wife during an argument over a burnt dinner. He disposed of her body by leaving it in a parking lot in Renton.

The following morning, a friend of Tuttle's reported to the Renton police that Tuttle had stated he accidentally shot his wife. The friend also told the officers that Tuttle was intoxicated, had weapons in his residence, and that Tuttle's 6–year–old son was with him. He described

Tuttle's residence as a small, 14–foot trailer located in a Kent trailer park.

The police then enlisted the friend's aid in arresting Tuttle. The friend, pursuant to a prearranged plan, returned to Tuttle's trailer, found the gun used in the murder, and left the trailer with Tuttle. After the men left the crowded trailer park, the police stopped the car, arrested Tuttle, and obtained the murder weapon from the friend.

At trial, the prosecution elicited medical testimony concerning the autopsy which had been performed. The testimony included a description of numerous scars on the body, the existence of a pellet in the victim's buttocks, and the existence of a broken jaw. Tuttle's statements to the police also contained reference to various prior altercations between him and his deceased wife, including his accidentally cutting her with a Bowie knife, shooting her in the leg, shooting her with a pellet gun, and breaking her jaw. Tuttle testified and attempted to explain all these prior acts as accidents.

The trial judge found:

> The defendant knowingly pointed a loaded .22 caliber revolver at his wife, who was less than ten feet away;

Finding of fact No. 2.

> The revolver discharged, the bullet striking Judith Tuttle in the head, causing her death;

Finding of fact No. 3.

■■ Tuttle's principal claim is that he was denied effective assistance of counsel. In Washington, the current test to determine effectiveness has been articulated as follows:

> After considering the entire record, can it be said that the accused was afforded an effective representation and a fair and impartial trial? . . . This test places a weighty burden on the defendant to prove two things: first, considering the entire record, that he was denied effective representation; and second, that he was prejudiced thereby.

(Citations omitted.) *State v. Jury,* 19 Wn. App. 256, 262–63, 576 P.2d 1302 (1978).

Tuttle asks this court to dispense with the prejudice requirement, citing *Cooper v. Fitzharris,* 551 F.2d 1162 (9th Cir. 1977) and *Beasley v. United States,* 491 F.2d 687 (6th Cir. 1974). Our Supreme Court in *State v. Adams,* 91 Wn.2d 86, 93, 586 P.2d 1168 (1978), declined a similar invitation, saying:

> Thus, under our present standard, even if defense counsel's conduct could be criticized as inadequate (and we do not think it can be), it would be harmless error because appellant suffered no actual prejudice.

Our Supreme Court had also been asked to follow *Cooper v. Fitzharris, supra.* Significantly, subsequent to the decision in *Adams,* the Ninth Circuit reestablished the prejudice requirement in a rehearing of *Cooper v. Fitzharris,* 586 F.2d 1325 (9th Cir. 1978) (en banc).

Tuttle makes several allegations of incompetence. We find it unnecessary to specifically examine any one of his particular claims. We have carefully examined the entire record in this case, and conclude that trial counsel's exercise of judgment reflected reasonable professional competence. He presented a consistent and reasonable defense. He skillfully cross–examined witnesses, interposed timely and well founded objections, and built a defense predicated on the unintentional nature of Tuttle's acts toward his wife. The record indicates that he took on a very difficult case and provided Tuttle with a full, fair, and vigorous defense. Attorneys do not always obtain acquittals, and the constitution does not guarantee ""successful assistance of counsel."" *State v. Adams, supra* at 90. We hold that Tuttle received effective representation and a fair and impartial trial and, consequently, we do not reach the issue of "prejudice."

Tuttle's final claim of error is that he was improperly subjected to the enhancement of penalties imposed by the operation of RCW 9.41.025 (committing crime when armed) and RCW 9.95.040(1) (person armed with deadly weapon).

He contends that because the trial judge failed to make "special" findings pursuant to RCW 9.95.015 (finding of fact or special verdict establishing defendant armed with deadly weapon), she "was without authority to impose judgment and sentence as if such findings were made." We do not agree.

The due process clause requires that a defendant have notice prior to trial of the State's intention to seek an enhanced sentence under RCW 9.95.040 and RCW 9.41.025. *State v. Frazier,* 81 Wn.2d 628, 503 P.2d 1073 (1972). Once the State properly seeks imposition of RCW 9.95.040, a trial judge cannot refuse to enter a finding concerning the presence or absence of a deadly weapon. *State v. Thornton,* 9 Wn. App. 699, 514 P.2d 179 (1973). *Frazier* was based on procedural due process concepts, while the result in *Thornton* was predicated on an analysis of the legislative history of RCW 9.95.040. The procedures utilized in this case are consistent with the rationales of both *Frazier* and *Thornton.* The prosecutor gave proper notice of his intention to seek sentencing under the enhancement provisions by including specific allegations in the amended information. On December 13, 1978, the trial judge filed both the written findings of fact and the judgment and sentence. Although the written findings do not include special findings concerning the deadly weapon and firearm allegations, the judgment and sentence does contain the required special finding. We point out that the preferable procedure would be to include the special findings in the written findings of fact. We conclude, however, their inclusion in the judgment and sentence results in no prejudice to the defendant. *State v. Cosner,* 85 Wn.2d 45, 530 P.2d 317 (1975).

Affirmed.

SWANSON and ANDERSEN, JJ., concur.

Reconsideration denied July 7, 1980.

Review denied by Supreme Court January 30, 1981.