Arthur D. PIERRE, Petitioner-Appellant,

v.

Gerald THOMPSON, Secretary of the State of Washington Department of Social and Health Services, Respondent-Appellee.

No. 80–3300.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 1981.

Decided Jan. 25, 1982.

Rehearing and Rehearing En Banc Denied March 16, 1982.

John G. Ziegler, Walla Walla, Wash., for petitioner-appellant.

Michael P. Lynch, Asst. Atty. Gen., Olympia, Wash., for respondent-appellee.

Before KOELSCH and HUG, Circuit Judges, and REED *, District Judge.

EDWARD C. REED, Jr., District Judge:

This is an appeal from the denial of a petition for writ of habeas corpus. The district court did not grant an evidentiary hearing. The issue is whether the district court properly relied upon the finding of the state appellate court on the question of the adequacy of the relief awarded to the appellant by the state courts for breach of his plea agreement.

Appellant pled guilty to robbery charges in the Superior Court of Washington for King County on April 8, 1974. He apparently also admitted being armed with a firearm at the time of each offense. How-

* The Honorable Edward C. Reed, Jr., United States District Judge for the District of Nevada, sitting by designation.

ever, the plea was entered pursuant to a plea agreement whereby the prosecutor agreed to dismiss allegations that, at the time of the robberies, the appellant was armed with a deadly weapon. It is undisputed that appellant pled guilty with the understanding that under the plea agreement he would not be subjected to a mandatory minimum prison sentence. The trial court nevertheless recited in the judgment and sentence that appellant was armed with a firearm at the time of each offense. A "special finding" that appellant was armed with a deadly weapon would require the Washington State Board of Prison Terms and Paroles to fix the duration of confinement of appellant to a mandatory minimum term of not less than seven and one-half years. Wash.Rev.Code § 9.41.025(2). The parole board interpreted the sentence as incorporating the "special finding" and fixed the duration of his confinement to a nine-year term with seven and one-half years being mandatory.

Appellant subsequently sought post-conviction relief in the state courts, seeking to withdraw his plea of guilty and proceed to trial. In June, 1976, appellant's petition was remanded by the Court of Appeals of Washington to the trial judge for a hearing. The trial judge found that the parole board had improperly set a mandatory minimum term because he had made no "special finding" that appellant was armed at the time of the offenses. The Superior Court refused to permit appellant to withdraw his plea, but ordered the parole board to reset the term of confinement without consideration of any "special finding" and with no mandatory minimum term. Pierre again appealed, *State v. Pierre*, 20 Wash.App. 239, 580 P.2d 648 (1978), *review denied In re Pierre*, 92 Wash.2d 1003 (1979), and this ruling was affirmed with an additional requirement that the parole board consider the appellant's lost opportunity to earn re-

lease credit in resetting the minimum term.[1] At some point during this process, it is not clear exactly when, the appellant was released on parole. His parole was apparently subsequently revoked for other reasons and he was soon back in state custody.

Appellant then filed the within Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The appellee filed a motion for summary judgment. In April, 1980, the magistrate issued his report and recommendation concluding that the motion for summary judgment should be granted. On June 25, 1980, this recommendation was adopted by the district judge.

In support of his contention that the remedy of specific performance was factually inadequate, appellant asserts that despite the remedial order, the record presented to the state courts discloses that the breach of his plea bargain caused him to (a) be precluded from pre-release rehabilitative programs; (b) be precluded from appearing before the parole board to earn release credits; and, most importantly, (c) serve nearly all of the mandatory minimum term before the state appellate court held his plea constitutionally infirm.

The parties here agree that under the circumstances of this case the appellant was entitled to relief from his broken plea agreement under *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). *Santobello* holds that a criminal defendant is deprived of a constitutional right if the prosecutor's promise in a plea bargain agreement is not kept, even where the breach is inadvertent. The key language of *Santobello* applicable to this case states that:

> The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of

---

1. The Washington Court of Appeals held that the trial judge's statement in the judgment and sentence did amount to a "special finding" that appellant was armed at the time of the offenses. Furthermore, the court of appeals held that in the original proceedings the trial judge had no power to refuse to make such a finding,

580 P.2d at 649. The court of appeals did conclude, however, that the trial judge in considering the sentence on a petition for post-conviction relief did have the power to modify the sentence, in the interests of justice, to conform to the plea agreement.

this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, *i. e.*, the opportunity to withdraw his plea of guilty. [footnote omitted.]

*Id.* at 263, 92 S.Ct. at 499. While the plurality opinion in *Santobello* simply remanded the case back to the state court for further consideration, various approaches have been taken among the circuits as to the granting of relief for breach of a plea agreement.

■ The prevailing view is that the relief to be afforded in the federal court to the state prisoner for the broken plea agreement upon petition for habeas corpus rests within the sound discretion of the state court as indicated by the opinion of the court in *Santobello*. *Patrick v. Camden County Prosecutor*, 630 F.2d 206 (3rd Cir. 1980); *Mosher v. LaVallee*, 491 F.2d 1346 (2d Cir. 1974), *cert. denied*, 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974); *United States ex. rel. Culbreath v. Rundle*, 466 F.2d 730 (3rd Cir. 1972); *Johnson v. Beto*, 466 F.2d 478 (5th Cir. 1972). Some courts have, depending upon the circumstances of the particular case, ordered either that a defendant specifically be allowed to withdraw his plea, *United States v. Hammerman*, 528 F.2d 326 (4th Cir. 1975); *Grant v. State of Wisconsin*, 450 F.Supp. 575 (E.D.Wis.1978), or that the broken plea bargain be specifically enforced, *Bercheny v. Johnson*, 633 F.2d 473 (6th Cir. 1980); *United States ex. rel. Ferris v. Finkbeiner*, 551 F.2d 185 (7th Cir. 1977), *cert. denied*, 435 U.S. 932, 98 S.Ct. 1508, 55 L.Ed.2d 530 (1978).

In the proceedings below the district judge adopted the magistrate's finding, which properly determined that it was within the state court's discretion to decide which of the alternative remedies delineated in *Santobello* should be awarded for the appellant's broken plea agreement. The magistrate and the district judge also adopted the appellee's position in this

case—that the evaluation made in the state court of appeals decision affirming the adequacy of specific performance, *State v. Pierre*, 20 Wash.App. 239, 580 P.2d 648, was sufficient to meet the requirements of 28 U.S.C. § 2254. It does not appear that either the magistrate or the district court examined or relied upon transcripts or record of the proceedings in the state trial court in reaching the decision to dismiss the appellant's petition.

■ In considering a petition for habeas corpus under section 2254, the district court must make its determination from an independent review of the state court record, or else grant a hearing and make its own findings on the merits. *Rhinehart v. Gunn*, 598 F.2d 557 (9th Cir. 1979); *Turner v. Chavez*, 586 F.2d 111 (9th Cir. 1978); *Valdez v. People of California*, 439 F.2d 1405 (9th Cir. 1971). The district court is required to accord a presumption of correctness to findings of historical fact by the state courts under section 2254(d). The Supreme Court recently held in *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981) that the presumption of correctness under section 2254(d) applies to factual determinations made by either state trial or appellate courts. As to mixed questions of law and fact, which require the application of a legal standard to historical fact determinations, however, these are matters for the independent determination of the federal court. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

■ In the case at hand, the state appellate court apparently made some factual findings from the trial court's record. These factual findings, as well as any findings by the trial court, would, under *Sumner v. Mata*, be entitled to a presumption of correctness. However, it must be kept in mind that this is only a presumption, and in order to review the factual determination and apply the presumption, a review of the record of the state courts or an independent hearing by the district court is required. Without a review of the state court record,

or a hearing,[2] it is impossible to determine the extent to which the sentence, as ultimately applied, fulfilled the essence of the plea agreement. *Cf. Gardner v. Griggs*, 541 F.2d 851, 852 (9th Cir. 1976) (essence of plea bargain kept).

After an appropriate review of the state court record, or a hearing, the district court must determine whether the sentence as modified has accorded adequate specific performance of the plea agreement to meet the constitutional requirements of *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). This involves the application of the constitutional standard to the historical facts and is a mixed question of law and fact for the independent determination of the federal court.

The district court's judgment is vacated and the case remanded for further proceedings consistent with this opinion.

2. The trial court record may or may not adequately disclose whether, and to what extent, the sentence as applied by the parole board operated to the prejudice of the appellant because the trial court considered the appellant's petition for post-conviction relief in a different context. The trial court had ruled that it was not the sentence, but the parole board's administration of the sentence that conflicted with the plea agreement.