[Nos. 4554–II; 4702–II.   Division Two.   August 26, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. DOUGLAS
CAMERON, *Appellant.*

*In the Matter of the Personal Restraint of*
DOUGLAS CAMERON, *Petitioner.*

*John L. Farra* and *Donald Anderson,* for appellant.

*Curtis M. Janhunen, Prosecuting Attorney,* for respondent.

PETRIE, J.—In this case we consider the combined appeal and personal restraint petition of Douglas Cameron, a/k/a Donald Anderson.[1] Defendant's conviction is based on his entry of a guilty plea to first degree theft for his alleged embezzlement of moneys from a hotel during his tenure as manager. Several weeks later a court, other than that which accepted the guilty plea, sentenced defendant to a maximum term of 10 years and ordered restitution in the sum of $24,245.69. Cameron was not advised of the possibility of restitution when he entered his guilty plea, but he was advised that the maximum sentence included the possibility of a fine of $10,000. For the reasons stated below, we vacate the order of restitution, but remand for resentence consistent with this opinion. In all other respects the conviction is affirmed.

Initially, we address defendant's allegation that he did not enter a knowing and voluntary guilty plea. By per-

---

[1] By order of the Chief Judge defendant's personal restraint petition allegations relating to the right to grand jury indictment and to appeal were dismissed as without substantive merit. The latter is obviously moot because of this review. The remaining assignments of error raise arguable constitutional issues and are considered with this direct appeal.

sonal restraint petition Cameron argues he felt "compelled" to enter a plea of guilty or the prosecutor would pursue theft charges against his wife. We recognize that special care should be taken in reviewing guilty pleas entered in exchange for a prosecutor's promise of lenient treatment of a third party. *United States v. Nuckols,* 606 F.2d 566 (5th Cir. 1979). *See Bordenkircher v. Hayes,* 434 U.S. 357, 364 n.8, 54 L. Ed. 2d 604, 98 S. Ct. 663 (1978); *Crow v. United States,* 397 F.2d 284 (10th Cir. 1968).

The record indicates that the plea *was* entered in exchange for the prosecutor's agreement to drop related pending charges against defendant's wife. This was also noted on defendant's statement on plea of guilty. No contention is made that the prosecution has breached this promise.

A prosecutor's information must be based on his belief there is good ground to support the allegation. *See* CrR 2.1; CR 11. A criminal information should not be filed indiscriminately. A completely unfounded information may subject the prosecutor to court sanction and disciplinary proceedings. CR 11; (CPR) DR 7–103(A). *See* RCW 7.20-.010(3). In the face of these restrictions we cannot assume the prosecutor filed charges against defendant's wife merely to gain "leverage" in plea bargaining. Consequently, we will not consider the allegation, without more, sufficient to warrant a hearing on the voluntariness of defendant's plea. A defendant's guilty plea is not involuntary where the decision to plead is a calculated move on defendant's part to avoid what he considers a worse fate. *Missouri v. Turley,* 443 F.2d 1313, 1317 (8th Cir. 1971).[2]

---

[2]It is significant that an information was actually filed against defendant's wife. We need not tarry into the distinctions between a prosecutor's mere suspicion and sufficient belief to file a criminal information against a defendant. Because of the safeguards against completely frivolous allegations, an inference of good faith is afforded to the prosecutor's information. An evidentiary hearing might be appropriate if the prosecutor had bargained with a mere threat to bring defendant's wife to book. *See United States v. Nuckols,* 606 F.2d 566 (5th Cir. 1979); *Crow v. United States,* 397 F.2d 284 (10th Cir. 1968); *Johnson v. Wilson,* 371 F.2d 911 (9th Cir. 1967).

■ Next, Cameron contends that his plea was involuntary because his counsel's alleged failure to investigate the case left him in a "no win" situation. In the plea bargaining context, effective assistance of counsel means that counsel actually and substantially assisted his client in deciding whether to plead guilty. *Herring v. Estelle,* 491 F.2d 125 (5th Cir. 1974). Defendant argues generally that his counsel did not thoroughly investigate the case. Without specific allegations which would, if believed, demonstrate resulting prejudice, the plea is not vitiated nor is a hearing on the plea's voluntariness warranted. *United States v. Crook,* 607 F.2d 670 (5th Cir. 1979); *see State v. Jury,* 19 Wn. App. 256, 576 P.2d 1302 (1978); *State v. Tuttle,* 26 Wn. App. 382, 612 P.2d 823 (1980); *Cooper v. Fitzharris,* 586 F.2d 1325 (9th Cir. 1978). The alleged infrequency or brevity of counsel's meetings with defendant is not enough to demonstrate ineffective assistance of counsel. *Brinkley v. Lefevre,* 621 F.2d 45 (2d Cir. 1980).

Defendant's statement on plea of guilty is more extensive than that suggested by CrR 4.2(g). The plea hearing record reveals that the court inquired thoroughly into defendant's understanding of the nature of the charges and his rights to a jury trial, against self–incrimination, to call witnesses, and to appointed counsel. Additionally, the court canvassed with defendant the presumption of innocence, and the State's burden of proof. The court explained that by entering a guilty plea defendant gave up all of these rights and convicted himself "out of his own mouth." The court asked defendant what he did to be guilty of the crime of theft. Defendant stated: "Well, I took money. I took money from the Canterbury Inn, . . . I was the manager of the Inn." Aside from the issue of restitution, both the record and defendant's statement demonstrate he entered a knowing, voluntary and intelligent plea. *In re Keene,* 95 Wn.2d 203, 622 P.2d 360 (1980); *In re Vensel,* 88 Wn.2d 552, 564 P.2d 326 (1977); *Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976).

■ Conspicuously absent from either defendant's state-

ment on plea of guilty or the plea hearing record is mention of the possibility that the court could order restitution as a result of the guilty plea. Reference is made only to a possible maximum sentence of 10 years and/or a fine of $10,000. Before entering a plea of guilty a defendant must be advised of all the direct consequences of his plea. *State v. Barton*, 93 Wn.2d 301, 609 P.2d 1353 (1980); *Wood v. Morris, supra*. But a defendant need not be advised of the collateral consequences of his plea, or as one court stated it, of all possible "ancillary or consequential results which are peculiar to the individual and which may flow from a conviction on a plea of guilty . . ." *United States v. Sambro*, 454 F.2d 918, 920 (D.C. Cir. 1971).

A direct consequence is one which has a definite, immediate and largely automatic effect on the range of defendant's punishment. *State v. Barton, supra; State v. Johnston*, 17 Wn. App. 486, 564 P.2d 1159 (1977), citing *Cuthrell v. Director*, 475 F.2d 1364 (4th Cir. 1973). A mandatory minimum term which must be imposed due to a guilty plea to an information which includes a separate firearm allegation is a direct consequence which arises on entry of the plea. *Wood v. Morris, supra*. The possibility of habitual criminal proceedings is considered a collateral consequence. *State v. Barton, supra; State v. Johnston, supra*.

■ Restitution falls into the spectrum somewhere between the firearm enhancement and habitual criminal information consequences for entering a plea of guilty. We consider it to approach the former. Thus, it is a direct consequence of entering a plea of guilty. Under our statutory scheme, if a person has gained money or property through the commission of a crime, the court may, in lieu of imposing the fine authorized for the offense, order restitution not to exceed double the amount of defendant's gain or the victim's loss. RCW 9A.20.030. It may be imposed by the sentencing court on its own motion or on the motion of the prosecutor. RCW 9A.20.030. Restitution does not turn on a defendant's personal history, but the possibility of restitu-

tion stems *directly* from the conviction of a crime that results in some pecuniary gain to the defendant or loss to the victim. RCW 9A.20.030.

We conclude that restitution is a direct consequence of entering a guilty plea and the sentencing court may not impose restitution upon a defendant who pleads guilty, unless defendant is advised of that possibility prior to entering his plea. *Cf. Wood v. Morris, supra,* in which the court held that a minimum sentence is a direct consequence of which a defendant must be advised prior to entry of a guilty plea. Cameron was not informed of the possibility of restitution when he entered his guilty plea. As outlined above, his plea was otherwise voluntary. Thus, the appropriate remedy is to strike the order of restitution. *See In re Palodichuk,* 22 Wn. App. 107, 589 P.2d 269 (1978). Nevertheless, the court clearly informed defendant a fine of $10,000 could be imposed in addition to the incarceration. We cannot ascertain from the record before us whether the court would have imposed the fine or any part thereof if restitution proved to be unavailable. Accordingly, we remand for resentencing by the trial court for imposition of such fine, if any, as the trial court may in its discretion impose.

Finally, defendant's personal restraint petition allegations relating to search and seizure and administration of a polygraph test are not properly before this court. *State v. Saylors,* 70 Wn.2d 7, 422 P.2d 477 (1966).

Accordingly, we vacate the order of restitution. The sentence is otherwise affirmed.

REED, C.J., and PEARSON, J., concur.

Reconsideration denied September 22, 1981.

Review denied by Supreme Court December 18, 1981.