FILED
COURT OF APPEALS
DIVISION II

2013 JUN 19 AM 8:34

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42922-5-II |
| Respondent, | |
| v. | |
| CRISTEN ALLEN WARREN, | UNPUBLISHED OPINION |
| Appellant. | |

HUNT, P.J. – Cristen Allen Warren appeals his stipulated facts bench trial convictions for unlawful possession of diazepam and unlawful possession of less than 40 grams of marijuana. He argues that (1) he received ineffective assistance when his counsel failed to communicate adequately, failed to investigate a potential defense, and failed to assist him (Warren) in making an informed decision about a rejected plea offer; and (2) the trial court erred in denying his motion to continue the trial to allow him to obtain additional evidence to support a potential defense. Warren does not assert additional errors in his Statement of Additional Grounds for Review[1] (SAG); instead, he presents additional information outside the record in support of appellate counsel's arguments. Finding no reversible error, we affirm.

_____

[1] RAP 10.10.

FACTS

On November 20, 2010, Longview police officers stopped Cristen Allen Warren for failing to use his turn signal and arrested him for driving on a revoked or suspended license. Searching Warren incident to his arrest, the officers found a small amount of marijuana and a diazepam pill in one of his pockets. When an officer asked whether he had a prescription for the diazepam, Warren replied that he did not.

The State charged Warren with unlawful possession of diazepam and unlawful possession of less than 40 grams of marijuana.[2] Warren rejected the State's pre-trial "fast track offer of 7 days" and pleaded not guilty. Verbatim Report of Proceedings (VRP) (Oct. 19, 2011) at 19. After several continuances, the trial court set a jury trial for October 5, 2011.

The State moved to exclude as irrelevant "any mention the defendant has prescriptions for other controlled substances." Clerk's Papers (CP) at 42. Defense counsel asserted that (1) Warren should be able to introduce a prescription for alprazolam because it and diazepam were anti-anxiety medications and evidence of the alprazolam prescription made it more likely that Warren had a prescription for other anti-anxiety medications, including diazepam; and (2) Warren was homeless at the time of his arrest, had "lost all of his property," and consequently "wasn't able to maintain an adequate record of his medications." VRP (Oct. 5, 2011) at 2-3. The trial court excluded evidence of other prescriptions.

---

[2] The State also charged Warren with driving on a suspended or revoked license, which charge the State later moved to dismiss.

Warren then agreed to proceed to a "stipulated facts trial." VRP (Oct. 5, 2011) at 9. He stated that had the case gone to trial, he would have disputed having told the officer that he did not have a prescription for the diazepam. The trial court called a recess for the State to draft the stipulated facts. When the State presented the written stipulated facts, defense counsel (1) advised the trial court that Warren had "come to a realization he believes he knows when he got the prescription for Valium, about a month or two prior to this from St. Johns. He thinks he can produce that"; and (2) asked for a continuance, explaining that Warren had been confused because the charge referenced diazepam, which Warren did not realize was also known as Valium. VRP (Oct. 5, 2011) at 12. The trial court denied Warren's motion for a continuance, proceeded with the bench trial, and found Warren guilty of unlawful possession of diazepam and unlawful possession of less than 40 grams of marijuana.[3]

At the sentencing two weeks later, defense counsel advised the trial court that Warren still had not found "a slip indicating a prescription for [d]iazepam" and requested a continuance. VRP (Oct. 19, 2011) at 20. The trial court continued the sentencing hearing to allow Warren to address issues related to possible work release. When the trial court reconvened the sentencing hearing, Warren had still been unable to locate any documentation showing that he had a diazepam prescription. The trial court proceeded to sentence him.

Warren appeals his convictions.

---

[3] The judgment and sentence incorrectly recites that Warren pleaded guilty to these drug charges. *See* CP at 7.

## ANALYSIS

### I. EFFECTIVE ASSISTANCE OF COUNSEL

Warren first argues that his trial counsel provided ineffective assistance in failing (1) to communicate adequately because he did not advise Warren that diazepam and Valium were the same substance until "the day before trial," (2) to investigate the case adequately because he "tasked [Mr. Warren with] obtaining copies of his prescriptions" rather than seeking this evidence himself or hiring an investigator to do so, and (3) to assist Warren in making an informed decision about the State's guilty plea offer. Br. of Appellant at 8. These arguments fail.

### A. Standard of Review

To establish ineffective assistance of counsel, Warren must show that (1) his trial counsel's performance was deficient, and (2) this deficient performance prejudiced him. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). "In a plea bargaining context, 'effective assistance of counsel' merely requires that counsel 'actually and substantially [assist] his client in deciding whether to plead guilty.'" *State v. Osborne*, 102 Wn.2d 87, 99, 684 P.2d 683 (1984) (alteration in original) (quoting *State v. Cameron*, 30 Wn. App. 229, 232, 633 P.2d 901, *review denied*, 96 Wn.2d 1023 (1981)). Failure to assist the defendant can satisfy the deficient performance prong of the ineffective assistance of counsel test. *In re Pers. Restraint of Peters*, 50 Wn. App. 702, 703-04, 750 P.2d 643 (1988).

To demonstrate prejudice, Warren must show that there was a reasonable probability that the outcome would have been different absent the alleged deficient performance. *In re Pers.*

*Restraint of Pirtle*, 136 Wn.2d 467, 487, 965 P.2d 593 (1998). "[R]easonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Here, Warren must show that he would not have rejected the guilty plea but for his counsel's deficient performance. *See Peters*, 50 Wn. App. at 707-08.

"If either part of the [ineffective assistance of counsel] test is not satisfied, the inquiry need go no further." *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996), *overruled on other grounds by Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006). We address only the second prong of the test—prejudice.

### B. No Prejudice

Assuming, without deciding, that defense counsel performed deficiently in failing to inform Warren earlier that diazepam and Valium are the same drug and in failing to seek additional evidence showing that Warren had a prescription for diazepam, Warren fails to establish prejudice. Nothing in the record establishes that Warren actually had a diazepam prescription or that defense counsel or an investigator could have discovered such evidence had they sought it. Thus, Warren fails to show that his defense counsel's alleged failures prejudiced him. Warren also fails to show that his counsel's alleged deficient performance caused him to reject the State's guilty plea offer. Thus, Warren does not establish the required prejudice, and his ineffective assistance of counsel claims fail.

### II. CONTINUANCE

Warren next argues that the trial court's erroneous denial of his motion for a continuance to locate additional evidence of his prescriptions deprived him of a meaningful opportunity to present his defense. This argument also fails.

5

When a defendant alleges that denial of a motion for continuance deprived him of his constitutional due process rights, we will reverse "only on a showing that the accused was prejudiced by the denial and/or that the result of the trial would likely have been different had the continuance not been denied." *State v. Tatum*, 74 Wn. App. 81, 86, 871 P.2d 1123 (citing *State v. Eller*, 84 Wn.2d 90, 95-96, 524 P.2d 242 (1974); *State v. Edwards*, 68 Wn.2d 246, 255, 412 P.2d 747 (1966)), *review denied*, 125 Wn.2d 1002 (1994). To establish prejudice here, Warren would have to show that, if the trial court had granted the continuance, he would have been able to produce the exculpatory evidence he claimed existed. But, as we have already noted, nothing in the record shows that such exculpatory evidence existed; on the contrary, Warren was still not able to produce the prescriptions several weeks later at sentencing. Accordingly, Warren fails to establish the required prejudice to justify reversal of his conviction based on the trial court's denial of his request for a continuance.

### III. SAG

In his SAG, Warren appears to assert that defense counsel initially misadvised him that the diazepam charge was based on possession of lorazepam and that defense counsel did not correct this error until the night before the trial. Although reflecting some confusion about the nature of the substance underlying this charge, the record suggests only that this confusion related to the fact that Valium and diazepam are the same drug, not to any facts arising from defense counsel's having allegedly told Warren that the underlying drug was lorazepam. Thus, the record before us on appeal does not support Warren's SAG assertions.

But even if the record were incorrect about these unsupported asserted facts,[4] the information Warren attempts to assert is outside the record; thus, we cannot consider it on appeal. *State v. McFarland*, 127 Wn.2d 322, 338 n.5, 899 P.2d 1251 (1995) ("a personal restraint petition is the appropriate means of having the reviewing court consider matters outside the record"). Accordingly, we do not further address this issue.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Hunt, P.J.

We concur:

_____
Penoyar, J.

_____
Bjorgen, J.

---

[4] We also note that RAP 9.1 provides ample opportunity for the parties to correct or to settle the trial court record before filing their briefs on appeal and both before and after transmittal of the designated record to the appellate court. *See, e.g.*, RAP 9.5(c), RAP 9.9, RAP 9.10.