# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48034-4-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| FRANK A. WALLMULLER, | |
| Appellant. | |

BJORGEN, C.J. — Frank Wallmuller filed a motion to withdraw his guilty pleas to first degree child rape and sexual exploitation of a minor, which the superior court denied. Wallmuller appeals the denial of his withdrawal motion, asserting that (1) the superior court applied the wrong legal standard in denying his motion, (2) his pleas were not knowingly, voluntarily, and intelligently made, and (3) his defense counsel was ineffective during the plea bargain process by failing to conduct a reasonable investigation.  Additionally, in his statement of additional grounds for review (SAG), Wallmuller contends that (1) the superior court lacked subject matter jurisdiction over his case because the enacting clauses and titles of the criminal statutes under which he was convicted do not appear in the printed volumes of the Revised Code

of Washington (RCW), and (2) several of his community custody conditions are unconstitutionally vague, overbroad, and not related to his crimes of conviction. We affirm.

FACTS

On December 30, 2011, the State charged Wallmuller with first degree child rape and sexual exploitation of a minor. Wallmuller pled guilty to the charges. In his statement of defendant on plea of guilty, Wallmuller stated that he was freely and voluntarily pleading guilty to the charges without any promises apart from those set forth in his statement or any threats of harm. Wallmuller also acknowledged the standard range sentences for the charges based on his 9 plus offender score and that the prosecution would recommend that the trial court impose a standard range sentence to run concurrently with his convictions in a separate cause.

At the June 3, 2014 plea hearing, the trial court entered into a lengthy colloquy with Wallmuller to determine the voluntariness of his decision to plead guilty. The following exchange took place at the end of the colloquy:

> [Trial court]: The Court has read the arresting agency affidavit. Mr. Wallmuller, are you pleading guilty today by your own choice?
> [Wallmuller]: Well, yeah, based on the . . .
> [Trial court]: On the advice of counsel, what you've heard, what you thought about, and you're decided on your own to plead guilty today; is that correct?
> [Wallmuller]: Yes, Your Honor.
> [Trial court]: Have there been any other promises that have been made to you to cause you to plead guilty today that were not written down on this plea form?
> [Wallmuller]: No, Ma'am.
> [Trial court]: Has anyone threatened you or any other person any harm to cause you to plead guilty?
> [Wallmuller]: No, Ma'am.
> . . . .
> [Trial court]: Mr. Wallmuller, based upon your guilty pleas and the Information provided to the Court I will accept your pleas of guilty, find that you make them knowingly and voluntarily, find that there is a factual basis to support each of the counts, and I will find you guilty of count I, rape of a child in the first degree, and count II, sexual exploitation of a minor.

Report of Proceedings (RP) (June 3, 2014) at 42-43.

After entry of judgment, on June 30, 2015, Wallmuller filed a pro se motion to withdraw his guilty pleas. Wallmuller's motion did not argue any grounds for withdrawing the guilty pleas. The superior court held a plea withdrawal hearing on July 27, 2015. At the hearing, Wallmuller raised several issues with his former defense counsel and defense investigator. Wallmuller also argued that he did not commit the charged crimes. The superior court denied Wallmuller's motion, stating:

> The Court has reviewed the documents that have been provided to the Court in the motion today, for a[n] order allowing Mr. Wallmuller to withdraw his guilty plea. I'll indicate that this case started in December, 2011 and the plea was not taken until the day of trial, June 3rd, 2014. So there was an extensive period of time in which to have this case prepared. The Court did hear a number of motions with respect to discovery issues.
>
> And on the day of trial there was a change of plea reviewed with Mr. Wallmuller. The Court at that time made findings that Mr. Wallmuller was making his plea knowingly, voluntarily, intelligently and that there was a factual basis to support the plea. The Court finds now at the time of hearing on a motion to withdraw plea that Mr. Wallmuller has not met his burden to show that withdrawing his plea would make a correction to a manifest injustice, continues to find that the plea was entered knowingly, intelligently and voluntarily, and will deny the motion to withdraw the guilty plea.

RP (July 27, 2015) at 13-14. That same day, the superior court entered its written order denying Wallmuller's plea withdrawal motion, which stated:

> IT IS HEREBY ORDERED:
> That the defendant's Motion to Withdraw Guilty Plea, filed on June 30, 2015, is now hereby Denied.
> The defendant's plea was entered knowingly, intelligently, and voluntarily. The defendant has failed to demonstrate that withdrawal is necessary to prevent a manifest injustice.

Clerk's Papers (CP) at 266. Wallmuller appeals from the order denying his motion to withdraw his guilty plea.

ANALYSIS

I. MOTION TO WITHDRAW GUILTY PLEA

Wallmuller contends that the superior court erred in denying his motion to withdraw his guilty pleas because (1) the superior court erred by applying the wrong legal standard when denying his withdrawal motion, (2) his pleas were not knowingly, voluntarily, and intelligently given, and (3) his defense counsel had rendered ineffective assistance by failing to conduct an adequate investigation of his case. On all points, we disagree.

We review a trial court's decision to grant or deny a motion to withdraw a guilty plea for an abuse of discretion. *State v. Forest*, 125 Wn. App. 702, 706, 105 P.3d 1045 (2005). A trial court abuses its discretion when it bases its decision on untenable grounds or reasons. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995).

A.       Superior Court Applied Correct Standard in Denying Withdrawal Motion

Wallmuller first contends that the superior court applied the wrong legal standard when it denied his guilty plea withdrawal motion. Specifically, he contends that the superior court erred as a matter of law by denying his motion on the basis that he had failed "to demonstrate that withdrawal is necessary to prevent a manifest injustice," asserting that this standard applies only to withdrawal motions raised prior to entry of judgment. CP at 266. He is incorrect.

A defendant is permitted to withdraw a guilty plea under CrR 4.2(f) "whenever it appears that the withdrawal is necessary to correct a manifest injustice." Additionally, CrR 7.8 governs postjudgment motions to withdraw a guilty plea and provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:
. . . .
(5) Any other reason justifying relief from the operation of the judgment.

A defendant seeking to withdraw his or her guilty plea in a postjudgment motion must meet the requirements for a plea withdrawal under both CrR 4.2(f) and CrR 7.8. *State v. Lamb*, 175 Wn.2d 121, 128, 285 P.3d 27 (2012). In other words, to succeed on a postjudgment motion to withdraw a guilty plea, the defendant must demonstrate *both* (1) that withdrawal of the plea is necessary to correct a manifest injustice, *and* (2) that relief from the final judgment is justified by one of the reasons enumerated in CrR 7.8(b).

Here, Wallmuller filed his plea withdrawal motion after the trial court entered the judgment against him. Therefore, to succeed in his motion, he was required to meet the requirements under both CrR 4.2(f) and CrR 7.8. Because the superior court based its decision denying Wallmuller's withdrawal motion on the criteria set forth under CrR 4.2(f), that he failed to demonstrate withdrawal was necessary to correct a manifest injustice, the superior court was not required to further determine whether he could also meet the requirements for withdrawal under CrR 7.8. Accordingly, Wallmuller cannot demonstrate legal error on this ground.

B.    Voluntariness of Plea

Next, Wallmuller contends that the superior court erred in denying his plea withdrawal motion because his pleas were not knowingly, voluntarily, and intelligently given. We disagree.

A manifest injustice allowing a defendant to withdraw his guilty plea exists where the plea was not voluntarily given. *State v. DeClue*, 157 Wn. App. 787, 792, 239 P.3d 377 (2010).

"The injustice must be 'obvious, directly observable, overt, [and] not obscure.'" *DeClue*, 157 Wn. App. at 792 (quoting *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974)). "The defendant's burden when seeking to withdraw a plea is demanding because ample safeguards exist to protect the defendant's rights before the trial court accepts the plea." *DeClue*, 157 Wn. App. at 792.

A written plea statement is prima facie evidence that a guilty plea is voluntary when the defendant acknowledges reading and understanding the written statement and that the contents of the statement are true. *State v. Perez*, 33 Wn. App. 258, 261, 654 P.2d 708 (1982). Where, as here, the trial court has inquired into the voluntariness of the plea on the record, the presumption of voluntariness is "well nigh irrefutable." *Perez*, 33 Wn. App. at 262.

Wallmuller submitted a written plea statement, which he acknowledged in open court to have read, signed, and understood in full. The written plea statement provided that Wallmuller was freely and voluntarily pleading guilty to the charges without any threats of harm or any promises apart from those set forth in his statement. This was prima facie evidence that Wallmuller's guilty plea was voluntary. *Perez*, 33 Wn. App. at 261.

Additionally, the trial court entered into a lengthy colloquy with Wallmuller to determine whether his plea was voluntary. During the colloquy, Wallmuller informed the trial court that he (1) read, understood, and signed the statement of defendant on plea of guilty form, (2) understood the charges against him, including the elements of the charges the State would have to prove at trial, (3) had sufficient time to discuss his case with his defense counsel, (4) understood the maximum possible penalties for the charges, including indeterminate sentencing conditions, terms of community custody, sex offender registration requirements, potential immigration consequences, and potential legal financial obligations, (5) understood that he

would lose his right to a jury trial on the charges, (6) understood that he would lose his rights to vote and to possess firearms, and (7) understood that the first degree child rape charge was a strike offense under the Persistent Offender Accountability Act.[1] In light of this colloquy, the presumption that Wallmuller's plea was voluntary is nearly "irrefutable." *Perez*, 33 Wn. App. at 262.

To support his claim that his plea was involuntary, Wallmuller argues that the trial court interrupted his answer to one of the trial court's inquiries and spoke for Wallmuller. Specifically, Wallmuller cites to the following exchange in support of this claim:

> [Trial court]: The Court has read the arresting agency affidavit. Mr. Wallmuller, are you pleading guilty today by your own choice?
> [Wallmuller]: Well, yeah, based on the . . .
> [Trial court]: On the advice of counsel, what you've heard, what you thought about, and you're decided on your own to plead guilty today; is that correct?
> [Wallmuller]: Yes, Your Honor.

RP (June 3, 2014) at 42.

This excerpt could suggest that the trial court interrupted Wallmuller just as he began to recite the bases of his plea and then listed itself a number of bases for the plea, with which Wallmuller agreed. Assuming an interruption occurred, the court should instead have allowed Wallmuller to state his own reasons and then, if needed, asked questions to ensure a proper basis was present. However, this exchange is insufficient to overcome the presumption that Wallmuller's plea was voluntary. First, it is unclear whether the trial court interrupted Wallmuller's answer or merely reframed its inquiry after Wallmuller trailed off in his answer.

---

[1] RCW 9.94A.030, .505, .561, .565, .570.

Second, even assuming that the trial court interrupted Wallmuller, he nonetheless answered affirmatively when the trial court asked him whether he "decided on [his] own to plead guilty." RP (June 3, 2014) at 42. Finally, nothing within this exchange called into question Wallmuller's written statement or several answers to the trial court's inquiries showing that his plea was voluntarily given. Accordingly, Wallmuller fails to show that the superior court erred in failing to grant his withdrawal motion on this basis.

C.     Ineffective Assistance of Counsel

Next, Wallmuller contends that the trial court erred in denying his guilty plea withdrawal motion because his defense counsel failed to provide constitutionally effective assistance during the plea negotiations. Again, we disagree.

A manifest injustice allowing a defendant to withdraw his guilty plea exists where defense counsel failed to provide constitutionally effective assistance. *DeClue*, 157 Wn. App. at 792. To establish ineffective assistance of counsel, Wallmuller must show both that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced him. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). "In a plea bargaining context, 'effective assistance of counsel' merely requires that counsel 'actually and substantially [assist] his client in deciding whether to plead guilty.'" *State v. Osborne*, 102 Wn.2d 87, 99, 684 P.2d 683 (1984) (quoting *State v. Cameron*, 30 Wn. App. 229, 232, 633 P.2d 901 (1981)). To demonstrate prejudice in the plea bargain context, Wallmuller must show a reasonable probability that he would not have pleaded guilty but for his defense counsel's deficient performance. *In re Pers. Restraint of Riley*, 122 Wn.2d 772, 780-81, 863 P.2d 554 (1993).

Wallmuller argues that his defense counsel was ineffective for failing to adequately investigate his case before advising him to plead guilty to the State's charges. Specifically, he

contends that defense counsel failed to investigate any possible defenses and failed to investigate video evidence that Wallmuller believes would have exonerated him of the charges. However, Wallmuller fails to cite to any evidence in the record supporting these contentions, and our review of the record in this case reveals no such evidence.

Wallmuller made a brief reference to alleged video evidence contained on a phone at his plea withdrawal hearing, which he baldly asserted would exonerate him of the charges. However, even assuming that Wallmuller's bald assertion of video evidence was sufficient to establish its existence, there is nothing in the record establishing that the video evidence was exonerating or that his defense counsel failed to investigate the video evidence.[2] As such, Wallmuller cannot demonstrate either prong of the ineffective assistance of counsel test. Accordingly, he cannot show that the superior court erred by denying his motion to withdraw his guilty plea on that basis.

## II. SAG

In his SAG, Wallmuller first argues that the superior court lacked subject matter jurisdiction over his case because the enacting clauses and titles of the criminal statutes under which he was convicted do not appear in the printed RCW volumes. Wallmuller contends that it is constitutionally insufficient for the enacting clauses and titles to appear in "other records or books." SAG at 9. Specifically, he argues that statutes lacking an enacting clause or title in the

---

[2] Although unclear from the record, Wallmuller may have been referring to video evidence mentioned in the State's declaration of probable cause. If so, we fail to discern how such evidence would be exonerating. The declaration of probable cause mentions photos and videos found on Wallmuller's cell phone, which show him engaged in sexual acts with several minor children, one of whom was the identified victim in this case.

printed volumes of the RCWs are void and "not laws of this state," SAG at 9, because they

would not comply with the following state constitutional provisions:

> STYLE OF LAWS. The style of the laws of the state shall be: "Be it enacted by the Legislature of the State of Washington." And no laws shall be enacted except by bill.

> BILL TO CONTAIN ONE SUBJECT. No bill shall embrace more than one subject, and that shall be expressed in the title.

WASH. CONST., art. II, §§ 18, 19.

Wallmuller misreads these sections of our state constitution. Neither provision mandates

the inclusion of a statute's enacting clause or title in the printed volumes of the RCWs. Rather,

these sections merely require the legislature to include an enacting clause and a title in any bill

that it enacts. The legislature complied with these state constitutional provisions when it enacted

the bills that are the bases for the statutes under which Wallmuller was convicted: the first degree

child rape statute, RCW 9A.44.073, and the sexual exploitation of a minor statute, RCW

9.68A.040. *See* LAWS OF 1989, ch. 32, at 161; LAWS OF 1988, ch. 145, at 561. Accordingly,

Wallmuller fails to show that the statutes under which he was convicted were void and, thus,

cannot demonstrate that the superior court lacked subject matter jurisdiction over his case on that

ground.

Next, Wallmuller argues in his SAG that several of his community custody conditions are

unconstitutionally vague, overbroad, and not related to his crimes of conviction. However,

Wallmuller fails to identify which community custody conditions he is challenging, and he does

not provide any argument explaining how the conditions are unconstitutionally vague,

overbroad, or unrelated to his crimes of conviction. Because Wallmuller's SAG "does not

inform the court of the nature and occurrence of alleged errors" in his community custody

conditions, we do not consider the issue. RAP 10.10(c). Accordingly, we affirm the trial court's

order denying his motion to withdraw his guilty pleas.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
BJORGEN, C.J.

We concur:

_____
JOHANSON, J.

_____
MELNICK, J.