# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49493-1-II |
| Respondent, | |
| v. | |
| PHILIP A. WARD, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Phillip Ward appeals from the order denying his CrR 4.2 motion to withdraw his guilty plea to three counts of first degree theft, asserting that his plea was involuntary.  We affirm.

## FACTS

On April 18, 2011, the State charged Philip Ward with one count of leading organized crime, fifty-five counts of first degree theft, one count of kickbacks, bribes, and rebates, and one count of obtaining a signature by deception or duress.  The State named Ward's wife, Kitzia Huerta, as a codefendant in the matter.[1]  The State made a joint offer of settlement in which it agreed to drop all but three counts of first degree theft in exchange for both Ward and Huerta pleading guilty to the charges.

At the October 23, 2013 plea hearing, the State told the trial court that its settlement offer was contingent on both defendants entering guilty pleas.  Huerta entered her guilty plea that day,

---

[1] The charges against Ward and Huerta related to allegations that they submitted fraudulent bills to the Department of Labor and Industries for interpreter services.

but the trial court continued Ward's plea hearing to November 18 to resolve an issue regarding his offender score.

At Ward's November 18 plea hearing, the trial court reviewed with Ward his statement on plea of guilty and confirmed that he had signed it. Ward's statement on plea of guilty provided that he understood that he was waiving certain rights by pleading guilty, including his jury trial right. Ward's statement on plea of guilty further provided that he was entering his plea freely and voluntarily, without threats of harm to him or any other person, and without any promises apart from those contained in his statement. The trial court engaged in a colloquy with Ward about his decision to enter an *Alford*[2] plea, in which Ward reaffirmed that he was pleading guilty voluntarily and absent any threats. The trial court found that a factual basis existed for Ward's guilty plea and that his plea was knowingly and voluntarily made. The trial court then accepted Ward's plea.

Ward's plea agreement provided that the State would recommend a lower sentence if he paid at least one-half of his restitution obligation prior to being sentenced. The trial court set over Ward's sentencing date to allow time for a restitution hearing and for Ward to pay toward any ordered restitution. Following a contested restitution hearing, the trial court found Ward and Huerta were jointly and severally liable to the Department of Labor and Industries for restitution

---

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct.160, 27 L. Ed. 2d 162 (1970).

damages totaling $8,165.58, which amount the court doubled to $16,331.16 under former RCW 9.94A.753(3) (2003).[3]

On June 3, 2016, more than two years after pleading guilty, Ward filed a CrR 4.2 motion to withdraw his guilty plea.[4] Ward asserted for the first time that his plea was involuntary because he was coerced to take advantage of the State's joint plea offer to protect his wife from greater criminal charges.[5] Following a hearing, the court denied Ward's motion to withdraw his guilty plea.

Pursuant to his plea agreement, the State and Ward moved at sentencing to withdraw his guilty plea to two of the three counts of first degree theft because Ward had paid at least half of his restitution obligation prior to sentencing. The sentencing court granted the motion and dismissed Ward's charges on two counts of first degree theft. The sentencing court thereafter imposed a standard range sentence of 90 days of incarceration. Ward appeals from the denial of his CrR 4.2 plea withdrawal motion.

## ANALYSIS

Ward contends that the trial court abused its discretion when denying his CrR 4.2 motion to withdraw his guilty plea because the court accepting his plea had not taken special care to determine whether his plea was voluntary in light of the package plea deal with his codefendant

---

[3] Former RCW 9.94A.753(3) provided in relevant part, "The amount of restitution shall not exceed double the amount of the offender's gain or the victim's loss from the commission of the crime."

[4] Ward filed his plea motion prior to his sentencing date.

[5] Ward also asserted that his plea lacked a factual basis based on the trial court's findings at his restitution hearing. He does not raise this argument on appeal.

wife. We hold that the trial court did not abuse its discretion by denying Ward's withdrawal motion.

We review a trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *State v. Williams*, 117 Wn. App. 390, 398, 71 P.3d 686 (2003). An abuse of discretion occurs only when the trial court's "decision [is] based on clearly untenable or manifestly unreasonable grounds." *Williams*, 117 Wn. App. at 398. Under CrR 4.2(f), "[t]he court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." A demonstrated involuntary plea is a manifest injustice warranting withdrawal of the plea. *Williams*, 117 Wn. App. at 398.

We determine the voluntariness of a plea by reviewing the relevant circumstances leading up to the plea. *Williams*, 117 Wn. App. at 398. A defendant carries a "demanding" burden when seeking to withdraw a guilty plea "because ample safeguards exist to protect the defendant's rights before the trial court accepts the plea." *State v. DeClue*, 157 Wn. App. 787, 792, 239 P.3d 377 (2010). When a defendant completes a written plea statement and admits to reading, understanding, and signing it, a strong presumption arises that the plea was voluntary. *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998). And where the trial court has inquired into the voluntariness of the plea on the record, the presumption of voluntariness is nearly irrefutable. *State v. Perez*, 33 Wn. App. 258, 262, 654 P.2d 708 (1982).

We have recognized that "special care should be taken in reviewing guilty pleas entered in exchange for a prosecutor's promise of lenient treatment of a third party." *State v. Cameron*, 30 Wn. App. 229, 231, 633 P.2d 901 (1981). Similarly, Division One of this court has recognized that, although package plea deals are not per se impermissible, "'they pose an

4

additional risk of coercion not present when the defendant is dealing with the government alone.'" *Williams*, 117 Wn. App. at 399 (quoting *United States v. Caro*, 997 F.2d 657, 659 (9th Cir. 1993)). The *Williams* Court discussed the "special care" that trial courts should take in accepting a defendant's plea that was part of a package plea agreement with a codefendant, stating:

> Taking special care means that when a court is informed that a plea is part of a package deal, the court must specifically inquire about whether the codefendant pressured the defendant to go along with the plea and carefully question the defendant to ensure he is acting of his own free will. The most crucial inquiry is whether the codefendant pressured the defendant into going along with the plea. It is also important to determine whether the defendant has had sufficient opportunity to meet and discuss the case and alternatives with his attorney.

117 Wn. App. at 400 (footnote omitted).

In *Williams*, the State failed to expressly inform the trial court that its plea offer to the defendant was part of a package deal with a codefendant.[6] 117 Wn. App. at 400. In contrast with *Williams*, here the State told the trial court that Ward's plea offer was part of a package deal with his codefendant wife. And, although the court accepting Ward's plea did not specifically ask whether Huerta had pressured him to plead guilty, it did ask whether "anyone" had made any threats against him to pressure him to plead guilty, to which Ward responded, "No." Report of Proceedings (Nov. 18, 2013) at 14. The court accepting Ward's plea also confirmed that Ward had reviewed his guilty plea statement with his attorney, understood and agreed with its provisions, and that he was entering his guilty plea voluntarily. Although the trial court did not specifically ask Ward whether his codefendant wife had pressured him to plead guilty, we hold

---

[6] The *Williams* court held that this error was harmless. 117 Wn. App. at 400-401.

No. 49493-1-II

that its inquiry was sufficient to determine the voluntariness of Ward's plea. As noted in

*Williams*:

> Where . . . there is no evidence of any promises or threats to the defendant other
> than those represented in the written plea agreement, where the defendant signs the
> written plea agreement acknowledging guilt in his own words, and where the
> defendant states that no promises were made other than those in the plea agreement,
> the trial court properly accepts the plea as being the result of the defendant's own
> volition and freely and voluntarily made.

117 Wn. App. at 401. All those factors were present here and, thus, the trial court properly

accepted Ward's plea as voluntary. Therefore, we hold that the trial court did not abuse its

discretion in determining that Ward had failed to meet his burden of showing a manifest injustice

allowing him to withdraw his plea. Accordingly, we affirm the order denying Ward's CrR 4.2

motion to withdraw his guilty plea.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Lee, J.

_____
Sutton, J.

6