**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

STATE OF WASHINGTON,

Respondent,

v.

JESSE VIRGIL GALLAGHER,

Appellant.

No. 78285-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 15, 2019

PER CURIAM — Jesse Gallagher challenges legal financial obligations (LFOs) imposed following his guilty pleas to possession of a stolen vehicle, first degree unlawful possession of a firearm, and possession of a controlled substance. Gallagher contends, and the State concedes, that the $200 criminal filing fee and $100 DNA (deoxyribonucleic acid) collection fee should be stricken from his judgment and sentence due to his indigence, previous DNA collection, amendments to RCW 36.18.020(2)(h) and RCW 43.43.7541, and State v. Ramirez, 191 Wn.2d 732, 746-50, 426 P.3d 714 (2018). We accept the State's concessions and remand for the trial court to strike the filing and DNA collection fees from the judgment and sentence.

In his pro se statement of additional grounds for review (SAG), Gallagher asserts three arguments, which we address in turn.

First, Gallagher argues that the trial court denied his request for a prison based DOSA (Drug Offender Sentencing Alternative) without a meaningful inquiry. Generally, a trial court's decision whether to grant a DOSA is not reviewable. State v. Grayson, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005). Exceptions include refusing to exercise discretion at all or relying on an impermissible basis in making the decision. State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997). "While no defendant is entitled to an exceptional sentence below the standard range, every defendant is entitled to ask the trial court to consider such a sentence and to have the alternative actually considered." Grayson, 154 Wn.2d at 342. A trial court's failure to meaningfully consider a sentencing alternative is reversible error. Grayson, 154 Wn.2d at 342.

Here, the record shows that the trial court considered Gallagher's age at sentencing (i.e., age 32), his criminal history, and his inability to comply with the terms of prior community custody conditions. The trial court also considered Gallagher's response to a question during sentencing that was so strong and aggressive that "the law enforcement officers in th[e] courtroom all stood up and all came forward towards [him] in case they needed to control [Gallagher]." After considering all of the information before it, the court denied Gallagher's request for a DOSA. The trial court meaningfully considered Gallagher's request and did not categorically reject it.

Second, Gallagher contends his plea was neither knowing nor voluntary because the State committed prosecutorial misconduct by withholding material

evidence favorable to him. As factual support for this argument, Gallagher points to a page in the State's response to his pretrial "Motion to Suppress," which purportedly references a confidential informant who had tipped law enforcement that Gallagher possessed a firearm. However, the State's pleading allegedly containing this language is not a part of the record on appeal. We do not consider evidence outside the record on appeal. State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Accordingly, Gallagher's argument fails.

Gallagher last contends his defense counsel was ineffective for failing to investigate and discover the above-mentioned evidence allegedly withheld by the State. A manifest injustice allowing a defendant to withdraw his guilty plea exists where defense counsel failed to provide constitutionally effective assistance. State v. DeClue, 157 Wn. App. 787, 792, 239 P.3d 377 (2010). To establish ineffective assistance of counsel, Gallagher must show both that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced him. State v. Grier, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011) (quoting State v. Thomas, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987)). "In a plea bargaining context, 'effective assistance of counsel' merely requires that counsel 'actually and substantially [assist] his [or her] client in deciding whether to plead guilty.'" State v. Osborne, 102 Wn.2d 87, 99, 684 P.2d 683 (1984) (first alteration in original) (quoting State v. Cameron, 30 Wn. App. 229, 232, 633 P.2d 901 (1981)). To demonstrate prejudice in the plea bargain context, Gallagher must show a reasonable probability that he would not have pleaded guilty but for his

defense counsel's deficient performance. In re Pers. Restraint of Riley, 122 Wn.2d 772, 780-81, 863 P.2d 554 (1993).

Other than his own words, Gallagher fails to cite to any evidence in the record supporting his contention that his defense counsel was ineffective. The record indicates that defense counsel reviewed the plea paperwork with Gallagher and answered all of Gallagher's questions regarding the plea and the rights Gallagher was giving up by entering the plea agreement. Defense counsel also discussed with Gallagher provisions relating to firearms and immigration issues. When asked by the trial court, Gallagher stated that he had read the plea agreements, understood them, and signed them. He stated that no one made any threats or promises—other than the ones contained in the agreements—to get him to plead guilty. Gallagher indicated that he was pleading guilty voluntarily and that he was knowingly foregoing his right to trial. He verified the truth of his written statements by describing how he, in fact, committed the offenses as charged. He confirmed that he had sufficient time to talk with defense counsel prior to pleading guilty. Nothing in the record suggests Gallagher's counsel was deficient in providing assistance in the plea agreement process.

We remand for correction of the LFOs but otherwise affirm.

FOR THE COURT:

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2019 APR 15 AM 11: 56